**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL ANTONIO PEREZ-CAMPOS, | No. 14-70581 |
| Petitioner, | Agency No. A087-989-876 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Manuel Antonio Perez-Campos, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings. *See Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Perez-Campos did not establish that the harm he suffered was on account of a protected ground while enrolled in the police academy in El Salvador. *See id.* at 504 (concluding active duty members of the military do not constitute a social group); *see also Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000) ("Persecution occurring because a person is a current member of a police force or the military . . . is not *on account of* one of the grounds enumerated in the Act."). Substantial evidence also supports the agency's conclusion that Perez-Campos failed to establish it is more likely than not he will be persecuted if returned to El Salvador. *See Fakhry v. Mukasey*, 524 F.3d 1057, 1066 (9th Cir. 2008) (evidence did not compel a finding that it is more likely than not petitioner would be persecuted upon his return to Senegal). Thus, Perez-Campos's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

14-70581